IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

SGB KEEN HOLDINGS, LLC,

    Plaintiff,

v.

DoBAKE BAKERIES, INC.,

    Defendant.

_____/

## COMPLAINT

SGB Keen Holdings, LLC ("Plaintiff" or "Sheila G"), by way of Complaint against Defendant DoBake Bakeries, Inc. ("DoBake" or "Defendant"), alleges as follows:

## INTRODUCTION

1.    This is an action for trademark infringement under the Lanham Act and related state law claims arising from Defendant's use or threatened use in commerce of Plaintiff's trademark "Brownie Brittle." Through this lawsuit, Plaintiff seeks, among other things, injunctive relief enjoining Defendant from using the Brownie Brittle mark as well as compensatory damages arising from Defendant's unlawful use of the mark.

## THE PARTIES

2.    Sheila G is a limited liability company organized under the laws of the State of Florida with a principal place of business located at 2253 Vista Parkway in West Palm Beach, Florida 33411.

27440205.1

3. Upon information and belief, DoBake is a corporation organized under the laws of the State of California with a principal place of business located at 810 81st Avenue, Oakland, California 94621.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a) in that Plaintiff's claims for trademark infringement, false designation of origin, and false description arise under the Lanham Act.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over Defendant because Defendant transacts business within the State of Florida and within this District and otherwise has sufficient contacts with the State of Florida; Defendant derives substantial revenue from intrastate and interstate commerce, including from and within the State of Florida; Defendant has engaged in conduct that has significantly and adversely affected the interests of Sheila G in Florida, and elsewhere; and Defendant knowingly engaged, directly or indirectly, in the acts and conduct set forth herein, including advertising and selling products under the infringing marks at issue in this action, with the reasonable expectation that such products would be advertised and sold in the State of Florida and in this District.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(a) and (c) because Defendant is subject to personal jurisdiction in this District and has infringed Plaintiff's trademark in this District.

## FACTUAL ALLEGATIONS

### Sheila G's Business and its Trademark, "Brownie Brittle"

8.  Sheila G produces, markets, and sells a variety of baked goods including a variety of flavors of brownies which it markets and sells under the trademark "Brownie Brittle."

9.  Sheila G has continuously used the "Brownie Brittle" mark in commerce for more than five years.

10. Sheila G has extensively used the "Brownie Brittle" mark in connection with its marketing, including its online marketing campaign, and on the physical packaging for its brownies.

11. On November 3, 2006, Sheila G registered the domain name "browniebrittle.com" with Network Solutions, LLC, for the purpose of marketing and selling its brownies to consumers online.

12. Since then, Sheila G has continuously owned and operated the website found at the domain [www.browniebrittle.com](www.browniebrittle.com) through which Sheila G's products are displayed for retail sale and on which Sheila G has advertised using the "Brownie Brittle" mark.

13. Sheila G's products sold under the "Brownie Brittle" mark are available online and through retailers.

14. Sheila G's products sold under the "Brownie Brittle" mark have also been featured extensively in a number of television interviews, news media reports, magazines and other press outlets.

15. For example, Sheila G's "Brownie Brittle" has been featured in the popular magazines US Weekly and People, and has been featured on E! online and in the such notable publications as the New York Daily News, The New York Times, The Wall Street Journal, The Huffington Post, The South Florida Sun-Sentinal and the Palm Beach Post.

16. In a September 2009 article, the Palm Beach Post featured a discussion of the sale of Sheila G's products under the "Brownie Brittle" mark to Big-Y, a 57-store chain in Massachusetts and Connecticut.

17. Sheila G's products sold under the "Brownie Brittle" mark have also been featured in numerous media outlets, including on the pop culture television show TMZ (http://www.tmz.com/), on NBC affiliate news station KTLA Channel 5 in Los Angeles (http://ktla.com/), and on the popular television talk show The Wendy Williams Show (http://www.wendyshow.com/).

18. In addition, numerous celebrities have appeared with Sheila G in promoting its products sold under the "Brownie Brittle" mark, including noted celebrity chef Giada De Laurentiis, television and film star Bradley Cooper, recording artist Chaka Khan, and reality show star Camille Grammer.

19. Sheila G's products sold under the "Brownie Brittle" mark have also been integrated into the popular television show "Supermarket Superstars."

20. Sheila G's products sold under the "Brownie Brittle" mark have also been featured at such popular and renowned events as the Coachella Valley Music & Arts Festival in Indio, California, which includes appearances by numerous music recording artists (http://www.coachella.com/index.php); the star-studded Food Network South Beach Wine & Food Festival (http://corporate.sobefest.com/) in Miami, Florida; the popular celebrity food and wine Power of Love Gala in Las Vegas, Nevada (http://www.keepmemoryalive.org/ways_to_contribute/attend_an_event/power_of_love), and the renowned New Orleans Jazz & Heritage Festival in New Orleans, Louisiana, among many others.

21. Given Sheila G's extensive marketing and the success of its product, the "Brownie Brittle" mark is distinctive in the minds of consumers and indicates Sheila G as the origin, source or sponsor of goods bearing the name "Brownie Brittle."

**Defendants' Business**

22. DoBake is a wholesale bakery that markets and sells its products to various retailers nationwide, including in New Jersey.

23. Upon information and belief, DoBake owns and operates the website at the domain www.dobake.com through which it markets its bakery goods and services.

24. Among the items DoBake produces and markets through its website and elsewhere are brownies and related products in competition with Sheila G.

**Defendants' Wrongful Activities**

25. On or about June 2-4, 2013, DoBake representatives attended the International Dairy, Deli & Bakery Association (IDDBA) trade show, a baked goods industry convention, and while there DoBake displayed and marketed a brownie product using the name "Brownie Brittle."

26. Specifically, the packaging for DoBake's brownie product displayed at the IDDBA convention prominently featured the trademark "Brownie Brittle." A photograph of one of the DoBake brownie packages bearing the Brownie Brittle mark is attached hereto as Exhibit 1.

27. DoBake's use of the trademark "Brownie Brittle" as described above is likely to cause confusion and mistake among consumers that Defendant's products originate with Sheila G, when in fact they do not.

28. DoBake knowingly and intentionally selected "Brownie Brittle" as the name for its brownie product for this reason.

5

29. Sheila G first became aware of Defendant's infringing conduct when Sheila G representatives saw Defendants' booth and the offending brownie packaging at the June 2013 IDDBA convention.

30. On behalf of Sheila G, its counsel sent a cease-and-desist letter to Defendant DoBake regarding its unauthorized use of the "Brownie Brittle" mark. A true and correct copy of the cease-and-desist letter is attached hereto as Exhibit 2.

31. Defendant has not yet responded to Sheila G's counsel's cease-and-desist letter.

32. The aforementioned acts of Defendant were willful and intentional.

33. Defendant knew that its use of the "Brownie Brittle" mark on the packaging of its brownie product was identical and/or confusingly similar to Sheila G's "Brownie Brittle" mark.

34. Defendants have used, or intend to use, the "Brownie Brittle" mark in a deliberate effort to cause confusion and mistake among the public as to the source, affiliation, and/or sponsorship of Defendant's brownie products, and to gain the benefit of the goodwill associated with the "Brownie Brittle" mark.

## COUNT ONE

### Violation of Section 43(a) of the Lanham Act

35. Sheila G repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

36. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), provides, in relevant part, as follows:

> a. Any person who, on or in connection with any goods or services, or any container for the goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which – is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with

> another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damages by such act.

37. Defendant's use of the "Brownie Brittle" mark, including its use and depiction of the mark on its product packaging as described above, is likely to cause confusion and mistake among consumers that Defendant's products originate with Sheila G.

38. Defendant's use of the "Brownie Brittle" mark, including its use and depiction of the mark on its product packaging as described above, is likely to cause confusion and mistake among consumers that there is a connection, affiliation, or association between Defendant and Sheila G.

39. Defendant's use of the "Brownie Brittle" mark, including its use and depiction of the mark on its product packaging as described above, is likely to cause confusion and mistake among consumers that Defendant's goods are being offered to consumers with the sponsorship and/or approval of Shelia G.

40. Defendants' acts described above constitute the use of a false designation of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a)(1)(A).

41. Unless Defendant is restrained and enjoined from such conduct, Sheila G will suffer irreparable injury and harm for which there is no adequate remedy at law.

42. To the extent Defendant has already used the mark in commerce, Sheila G has suffered damages as a result of Defendant's unlawful conduct.

## COUNT TWO

### Common Law Trademark Infringement and Unfair Competition

43. Shelia repeats and incorporates the allegations of the foregoing paragraphs of this Complaint.

44. Defendant's conduct alleged above constitutes trademark infringement and unfair competition in violation of the common law of the state of Florida.

45. Defendant's conduct has caused and will continue to cause irreparable injury to Sheila G, for which there is no adequate remedy at law.

46. To the extent Defendant has already used the term "Brownie Brittle" in commerce, Sheila G has suffered damages as a result of Defendant's unlawful conduct.

## DEMAND FOR RELIEF

**WHEREFORE**, Sheila G demands that a judgment be entered against Defendant granting the following relief:

1. Preliminarily and permanently enjoining and restraining Defendant, its subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those acting in concert or participation with them, from:

   a. imitating, copying, or making any use of the "Brownie Brittle" mark;

   b. using any unauthorized colorable imitation of the "Brownie Brittle" mark in connection with the promotion, advertisement, display, sale, offering for sale, production, import, export, circulation, or distribution of any product or service in such manner as to relate or connect, or tend to relate or connect, such product or service in any way with Sheila G;

   c. engaging in any other activity constituting unfair competition with Sheila G, or constituting infringement of the mark "Brownie Brittle" mark or of Sheila G's rights in, or its right to use or exploit, such trademark;

8

2. Awarding actual damages suffered by Sheila G and requiring Defendant to account and pay over to Sheila G all profits realized by Defendant's wrongful acts and directing that such profits be trebled because Defendant's actions were willful;

3. Awarding Sheila G its reasonable attorneys' fees and expenses, together with prejudgment interest; and

4. Awarding Sheila G such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  June 26, 2013.

Respectfully submitted,

**CARLTON FIELDS, P.A.**

/s/Thomas A. Dye
THOMAS A. DYE (FBN: 335207)
tadye@carltonfields.com (primary)
phouse@carltonfields.com (secondary)
wpbecf@cfdom.net (secondary)
CityPlace Tower
525 Okeechobee Boulevard, Suite 1200
West Palm Beach FL 33402-0150
Telephone:  (561) 659-7070
Facsimile:   (561) 659-7368

*Of Counsel:*

Joseph A. Martin
Darth M. Newman
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Telephone: (856) 795-2121
Facsimile:  (856) 795-0574

*Attorneys for Plaintiff SGB Keen Holdings, LLC*